SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
(302) 856-5257

Miranda D. Clifton, Esquire
Law Office of Cynthia G. Beam
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, Delaware 19713-4301

Edward C. Gill, Esquire
Law Office of Edward C. Gill, P.A.
16 North Bedford Street
P.O. Box 824
Georgetown, Delaware 19947

**Re:** *Tumminello v. Baldoza*;
**C.A. No. S15C-10-030**

On Defendants' Motion for Partial Summary Judgment:  DENIED

Date Submitted:     March 8, 2017
Date Decided:       March 15, 2017

Dear Counsel:

On June 6, 2014, Jose Baldoza was operating a vehicle owned by Virginia Augustin when he struck a vehicle operated by Frank Tumminello. Mr. Tumminello and his wife, an occupant in the car Mr. Tumminello was driving at the time of the accident, subsequently filed suit against Mr. Baldoza and Ms. Augustin (collectively, "Defendants").

Mr. Baldoza has filed a Motion for Partial Summary Judgment, arguing the Court should dismiss the Tumminelloes' punitive damages claims.

Summary judgment is only appropriate where, viewing the facts in the light most favorable to the non-moving party, the moving party has demonstrated that there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law.[1] The moving party bears the burden of establishing the non-existence of material issues of fact.[2] If material issues of fact exist, or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, summary judgment is inappropriate.[3]

Ordinarily, the question of whether an award of punitive damages is appropriate is a question for the jury.[4] However, if the evidence does not support a reasonable inference that the defendant's conduct meets the standard justifying punitive damages, a directed verdict or judgment as to punitive damages must be awarded.[5]

> Unlike compensatory damages, punitive damages are not awarded to make a plaintiff whole, but rather, are awarded to deter or punish the tortfeasor's conduct. Whether punitive damages are available to a plaintiff turns on whether the plaintiff can establish a *prima facie* case that the tortfeasor's driving exhibited a wilful and wanton disregard for the safety of others. For a tortfeasor's conduct to be found wilful or wanton, the conduct must reflect a "conscious indifference" or "I don't care" attitude. A plaintiff must show that the tortfeasor, in the formation of his judgment, consciously ignored the precise harm that resulted, and that the precise harm was reasonably apparent.[6]

Of particular relevance to the case before the Court, "A plea to a criminal statute which

---

[1] *Dambro v. Meyer*, 974 A.2d 121, 138 (Del. 2009).

[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[3] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

[4] *Elliott v. Jewel*, 1997 WL 364051, at *2 (Del. Super. Apr. 23, 1997).

[5] *Jardel Co. v. Hughes*, 523 A.2d 518, 527 (Del. 1987).

[6] *Enrique v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 2215073, at *1 (Del. Super. July 16, 2009) (internal quotation marks and citations omitted).

2

requires clear reckless conduct may be sufficient to allow punitive damages to be submitted to the jury."[7]

At the scene of the accident, the responding officer noted Mr. Baldoza "appeared intoxicated." Mr. Baldoza was charged with various driving offenses, including Driving Under the Influence. On September 22, 2014, Mr. Baldoza pled guilty to Reckless Driving and the remaining charges were dropped.

Section 4175 of Title 21 of the Delaware Code, to which Mr. Baldoza pled guilty, provides: "No person shall drive any vehicle in wilful or wanton disregard for the safety of persons or property, and this offense shall be known as reckless driving." Accordingly, Mr. Baldoza has admitted to operating his vehicle with a wilful or wanton disregard for the safety of others and the minimum threshold for establishing a claim for punitive damages has been met.[8]

Although the Court has held the issue of punitive damages may be submitted to the jury,

> [Mr. Baldoza] may explain to the jury his choice to enter a plea, the advice given to him by counsel, and he may even attempt to discount his presumptive mental state based on the circumstances surrounding the plea. The jury may then draw any inferences from the plea that was that was entered and any surrounding circumstances, including the defendant's explanation.[9]

Accordingly, Defendants' Motion for Partial Summary Judgment on the issue of punitive

---

[7] *Id.*

[8] Plaintiffs argue the case *Short v. Drewes* is case-dispositive. In *Drewes*, the Superior Court held that "a plea of Reckless Driving Alcohol Related is sufficient to establish the minimum threshold to allow the issue of punitive damages to be submitted to the jury." 2006 WL 1743442, at *2 (Del. Super. June 21, 2006). That case is not directly on point because, in this case, Mr. Baldoza did not plead guilty to Reckless Driving Alcohol Related but "only" to Reckless Driving.

[9] *Short v. Drewes*, 2006 WL 1743442, at *2 (Del. Super. June 21, 2006) (citations omitted).

3

damages is DENIED.

       IT IS SO ORDERED.

                                  Very truly yours,

                                  */s/ T. Henley Graves*

                                  T. Henley Graves

oc:     Prothonotary